Told by the clerk that everyone is present on everything but one of the motions, where we may have one attorney who's arguing upstairs and trying to rush downstairs. So we will hear the first motion and then decide whether we need to move that second to the end of the calendar. Good morning, and may it please the court. My name is Jim Fellman. I'm with the Tampa law firm of Kynes, Markman & Fellman, and it's my honor this morning to be here on behalf of the appellants, Brian Requena and Andrew Raymond, on a motion for release pending appeal. I obviously have an argument prepared in light of the time. I'm honored to answer any questions that the Court might have out of the box. Well, the standard here is exceptional reasons, right? Correct. So even if you show by clear and convincing evidence that your clients are not going to be a flight risk or pose a danger and there may not be an argument to that effect, and even if the appeal raises a substantial question. So why is this that sort of exceptional case? So under the DeSoma case, we argue that it is an exceptional case because a number of our substantial questions go to the underpinnings of the conviction under the Analog Act, and it is that conviction that gives rise to the statutory requirement for the showing of exceptional circumstances. So particularly the jury instruction here. This case is coming back. It has to on the jury instruction. This jury was instructed that they need not be unanimous on whether any of these things are analogs or not. Did you object to that charge? I wasn't trial counsel, but there was no objection. But it is. So it is plain error. It's plain error. It goes straight to the heart of the case, really the only issue and dispute in the case the government makes. They argue in their responsive papers that it was not error. They make no argument that if error, it wouldn't be plain or fundamental, and nor could such an argument be sustained. So under the dis ---- Do you contend that each of your issues alone meets the exceptional circumstances or would we need to sort of find all of them exceptional? No. I think that only the vagueness, the sufficiency, and the jury instruction do. I think the Daubert issue would be too attenuated under the de Soma case. But vagueness, for example, alone? If the statute that gives rise to the exceptional circumstances is on it, is facially unconstitutional. And, therefore, anyone convicted under the statute, you would say, gets bail pending appeal, assuming no flight risk or danger. If it, yeah, if it presents a substantial question, I mean, I think that each case stands and rises on its own, and you have to look at the totality. And obviously, just because I can articulate an argument, if it doesn't seem to have much substance to it, I don't think that would be exceptional. Here, I think that the vagueness issue, the sufficiency issue, and particularly the jury instruction issue. But you raise it as a facial challenge, you say, in your papers. That's right. And so, again, anyone convicted under the Analog Act, assuming no flight risk or danger, your argument would be? I hope it would be that this would be the last one, because the Analog Act is, in my view, the first instance in the history of our republic in which we have imprisoned people for decades for conduct that not only is not unlawful, but it is even considered by our government to be unlawful. That's extraordinary. And that's what we are doing here. Do you address the jury instruction issue somewhat more depth? I mean, you're aware of the case law in which the government relies that says that the substance could have been heroin, it could have been cocaine. The jury doesn't have to unanimously agree on the nature of the substance. Completely an opposite in the context of an analog case. Here, the issue is, is it a controlled substance at all? Heroin, cocaine, those are obviously controlled substances, so it makes no difference which one it is. You are guilty if you did any of them. Here, you're not guilty at all unless one of these substances is, in fact, an analog, which is without question for the jury. I'm not aware of an analog to a situation where a jury has to make a finding, but they need not do it unanimously. Now, they would all have to agree. Each juror would have to, in theory, and the government isn't arguing that this is precisely that case, but each juror could individually determine that this is an analog beyond a reasonable doubt. Correct. And they have to unanimously agree on which one or ones are analogs. And that's the heart of it. It just won't do. If two of them think one's an analog, four think another is, and six think another is, and the rest think another one is, then none of them have unanimously concluded that any of these things are. And I can tell you that there are substantial reasons to believe that none of them are. Thank you for your attention. Thank you. Good morning, Your Honors. May it please the Court. Michael Perry for the United States. I wrote the brief in this matter, and I was trial counsel for the government at the trial, co-counsel. I want to start, if I may, with two instances where the defense counsel here is attributing concessions to the government, I believe unfairly. First, on the plain error standard. In my brief, it clearly says on page 19, the defendants cannot show plain error as to the district court's unanimity instruction. So the government is far from conceding that they would meet the plain error standard if it turns out not to be correct. The other issue is on the dangerousness and risk of flight. The defense has suggested that the government is conceding that issue. In fact, it is the defense that has not raised the issue in before the district court. This is document 287. It's in the record in the district court docket. Page 3, footnote 1, Judge Mordew wrote, Requena does not address the likelihood that he would flee or pose a danger to any other person or the community. The court need not reach this issue. So that was not decided. There are no factual findings on risk of flight or dangerousness. So the government is not conceding that. It's not really been raised. Raymond didn't raise it either. In any event, on the unanimity issue here, plain error does apply. I just want to point out, Your Honors, that not only was there not an objection here, the government put in its trial papers, in the record, basically asking for this instruction. There was no objection to that, far from it. Defendant Raymond submitted a jury instruction that tracks about half of the language here and does not request unanimity as to each substance and just asks that they be unanimous that there is a controlled substance analog, which is standard and controlled substance cases. And then Defendant Raymond filed objections to the district court's proposed instructions, which did not address this issue. We had a conference on the record. It's in the trial transcript on this issue. This was not raised. So, again, this was not some fancy from the district court. This is well-settled law. This is how controlled substances cases are handled day in and day out. But you don't see any distinction arising from the fact that this is an analog case as opposed to a controlled substances case? Well, Your Honor, even in a controlled substance case, if we're talking about heroin and cocaine and so forth, the jury still has to make findings. They may not believe the chemist. They may not find the chemist credible. They may find that one of the defendants believed that he was distributing talcum powder and heroin, whereas the other one believed that he was distributing cocaine and brown sugar or something like that. And we allow the law allows the jury to split in that way. We don't invade the province of the jury as long as they're unanimous that a controlled substance applies. So it's not to say that there are no distinctions between the analog cases and the controlled substance cases. But in that respect, the jury is well-equipped to make those types of findings. And in terms of the plain error standard ---- But what about, excuse me, what about Mr. Feldman's point that in the heroin and cocaine example, either one is unquestionably a controlled substance, but in the analog example, if six jurors think that one substance qualifies as an analog and six think another one does, no one has unanimously concluded that anything illegal at all happened. Well, Your Honor, it's true that heroin is a controlled substance. But if we're talking about the white powder that was in a defendant's pocket or in his car, the jury hasn't decided that that's a controlled substance until they go to the back and they make that determination. And you could easily imagine a situation where there are two ---- But every juror will have concluded that there was a controlled substance. Here, it's not the case, is it, that every juror will have concluded that anything was illegal. Well, Your Honor, I don't think they could ---- if they followed the judge's instructions here, they wouldn't be able to return a verdict unless every juror believed that a controlled substance analog was part of the conspiracy. Just as in a controlled substance case, there are two substances in the car. Half the jury believes that there was cocaine and no heroin. The other believes ---- the other half believes there was heroin and no cocaine. We would allow them to convict. Even ---- They could have a long argument in chambers and say, well, there was no cocaine. And the other side saying there was no heroin. As long as they each believe, well, a controlled substance was there, that's enough. And here, they may have had a disagreement along the lines that defense counsel raised. One of them may have said PB-22 is a controlled substance analog. Somebody else may have focused on 5F PB-22, for example. But as long as every one of them believes a controlled substance analog is part of the conspiracy, that's enough. And there's no case law that I ---- But at any rate, the next point you're going to make is that's a novel issue at best. I mean, you would say it's not a novel issue because it's analogous to the controlled substances law. But the question of whether that analogy is correct is not one that's come up before, and therefore, it's difficult to say the district judge should obviously have known that this ---- what the answer was. Exactly, Your Honor. I see my time's up. But there's no case law suggesting it would be clear and obvious that the district court could have relied on. Thank you. Thank you both. Take it under advisement.